# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPHINA LUCIO GONZALEZ, et al,<br><br>                  Plaintiffs,<br><br>      vs.<br><br>MICHAEL B. DEVENY,<br><br>                  Defendant. | No. 5:08-CV-1238-JLQ<br><br>MEMORANDUM ON PLAINTIFFS' PETITION FOR AUTHORITY TO COMPROMISE |

    Before the court is the Plaintiffs. Petition For Authority To Compromise Minors' Claims (Docket No. 40).

    Counsel for the Plaintiffs, in the Petition, appears to have only set forth the factual events that describe matters favorable to the defense. Such pleadings have been seen by this court in other petitions seeking approval of a settlement of minors' claim in an effort to advise the court as to the reasons why the proposed settlement is reasonable. However, in this case, as in other cases, the court must be informed fully of the factual and legal "pros and cons" of the Plaintiffs' claims. Since only the "cons" of the Plaintiffs' claims appear to be stated, counsel for the Plaintiffs shall file a Supplement to the Petition setting forth, *inter alia*, and without limitation the following:

    1. The decedent's background including his alleged alienage and illegal presence in the United States, including the time he has actually been in the United States. This should include his employment and earnings history.

    2. His relationship with his wife, Jennifer Martinez, including the time of living together with their children.

    3. His relationship and association with his children.

    4. The amount of monetary support provided in the past for the benefit of his wife and minor children.

ORDER - 1

5. The relationship and association of the decedent with his parents, including any monetary support provided by the decedent.

6. The Petition asks the court to approve equal distribution to the each of the decedent's parents and his wife and an equal distribution for the benefit of the minor children. This distribution proposal is of concern to the court as it appears that the minor children should, upon the limited information presented to the court to date, receive a larger share of any settlement.

7. A full and complete statement of the factual events which support the claim of the Plaintiffs against the Defendant Deveny. The court notes that the coroner made a finding that the decedent's death was a homicide. The basis for that finding shall be fully set forth. The court also notes that apparently there were eyewitnesses to the beating of the decedent. A summary of the deposition testimony or statements of any such witnesses shall be included. The court should be advised as to the source of the injuries, if any, sustained by the decedent prior to the alleged assaults by the Defendant.

8. Whether any disciplinary or other legal action was instituted against the Defendant Deveny and if so, the results of such action(s).

9. Counsel for the Plaintiffs retained a police procedures expert. While not referenced in the Plaintiffs' Petition For Authority to Compromise, the court has independently reviewed the pleadings on file herein and located the police expert's report at ECF filing No. 36 dated April 15, 2010. The court should be furnished any supplements to this April 15, 2010 report.

10. The monetary analysis of the losses arising from the decedent's death including any expert report in connection therewith.

Since it is uncertain whether the court will approve the proposed settlement of this action, if counsel for the Plaintiffs feel that the court-requested information involves any attorney/client or work product privileges, counsel may file that portion of the Supplement under seal ex parte for the court's eyes only.

ORDER - 2

1    It is the policy of this court that in structured settlements for the benefit of minors, any Order approving such a settlement and the annuity purchased pursuant thereto shall include a provision that the entitlements for the benefit of the minor may not be assigned, pledged, encumbered, attached, or sold in any manner without the prior approval of this court. This restriction includes and applies to any and all payments to be made to or for the benefit of a minor after that minor reaches the age of majority. Counsel for the Plaintiffs shall advise the provider of the proposed annuities of this requirement and determine if it adversely affects the proposal.

The court observes that counsel for the Plaintiffs are seeking court approval of a 40% contingent fee attorney fee, including that from the proceeds payable for the benefit of the minor. It is the usual practice of this court to limit attorney fees payable from proceeds for the benefit of minors to 25%, absent exceptional circumstances. The court observes that counsel for the Plaintiffs have expended substantial time and monies on this case and the court will consider those matters when a determination as to the amount of attorney fees from the minors' settlement fund is made. The court observes, without ruling, that the 40% contingent fee with the adults appears to be reasonable under the circumstances of this case.

The court will set this matter for hearing on a timely basis after receiving the Supplement to the Petition of the Plaintiffs. The court's next in person hearings in Riverside, California are set for April 19, 2011. If the court is satisfied that it has sufficient information to hear this matter at that time, it will be heard then. However, if this matter is not ready for hearing on April 19, 2011, it will be promptly heard thereafter.

The Clerk shall enter this Order and furnish copies to counsel.

Dated this 22nd day of February, 2011.

                s/ Justin L. Quackenbush
                JUSTIN L. QUACKENBUSH
      SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3